**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| M. DAVID ALEXANDER<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 5:23-cv-647 |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Allstate Vehicle and Property Insurance Company hereby removes this lawsuit which is currently pending in the 57th Judicial District, Bexar County, Texas, Cause No. 2023-CI-01138, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(b)(3), on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1. On January 18, 2023, Plaintiff M. David Alexander filed his Original Petition in which he alleged only a cause of action for breach of contract stemming from Defendant Allstate's handling of his insurance claim for damage to his home allegedly arising from a pipe burst. *See* **Exhibit A** (Original Petition).

2. Defendant Allstate was served with the petition and process on January 24, 2023. *See* **Exhibit B** (Service of Process Transmittal).

3. On February 20, 2023, Plaintiff produced an invoice for $18,087.18 in support of his cause of action for breach of contract. *See* **Exhibit C** (Invoice for Repairs).

{00875798}

4. On April 21, 2023, Plaintiff amended his Original Petition to include extracontractual causes of action, including violations of the Deceptive Trade Practices Act and the Texas Insurance Code which entitle Plaintiff to treble damages, attorney's fees, interest, and potentially punitive damages. *See* **Exhibit D** (Plaintiff's First Amended Petition). Plaintiff's First Amended Petition provided the "other paper" contemplated by 28 USC § 1446(b)(3) and made this matter removable as discussed herein. *See Id.*; *See also* 28 U.S.C. §1446 (b)(3)-(c)(1) (providing that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … a copy of … other paper from which it may first be ascertained that the case is one which is or has become removable" with the additional limitation that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action...."); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-400 (5th Cir. 2013); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Maheshwari v. Univ. of Texas-Pan Am.*, 460 F. Supp. 2d 808, 812 (S.D. Tex. 2006); and *Means v. Wal-Mart Stores Texas, L.L.C.*, No. 7:18-CV-00087, 2018 WL 2173879, at *1-*2 (S.D. Tex. May 11, 2018).

5. Defendant conferred with Plaintiff on April 28, 2023 and requested a binding stipulation of damages limiting the amount Plaintiff may seek or recover to less than $75,000 exclusive of costs and fees. Plaintiff declined to provide Defendant with a binding stipulation. **Exhibit E** (correspondence with Plaintiff where Plaintiff declines to provide a binding stipulation).

6. Plaintiff has pleaded for monetary relief of $250,000.00 or less Original Petition, ¶2.

**GROUNDS FOR REMOVAL**

7. This Court has original jurisdiction of this suit because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

**A. The properly joined parties are diverse.**

8. Under the diversity jurisdiction statute, the parties must be completely diverse, which requires all persons on one side of the controversy to be citizens of different states than all the persons on the other side. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

9. Plaintiff M. David Alexander is a natural person who is a citizen of the State of Texas. Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

10. Defendant Allstate Vehicle and Property Insurance Company is a corporation formed under the laws of the State of Illinois, and its principal place of business is located in Cook County, Illinois. Thus, Defendant is considered a citizen of the State of Illinois.

11. Accordingly, the properly joined parties to this action are completely diverse.

**B. The amount in controversy exceeds $75,000.**

12. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil &*

*Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Generally, the removing party must file its notice of removal within thirty days of receiving the initial pleading that enables it to meet its burden through the avenues provided under *Allen*. *See* 28 U.S.C. § 1446(b)(1). However, the U.S. Court of Appeals for the Fifth Circuit has stated that to trigger the thirty-day removal period, the pleading must "affirmatively revea[l] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163.

13. In instances in which a defendant receives a pleading that does not affirmatively reveal that the amount in controversy exceeds $75,000.00, the defendant is provided with another path for removal under 28 U.S.C. § 1446(b)(3). Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … a copy of … other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Such removals must be filed within one year of the commencement of the action. *Id.* at § 1446(c)(1).

14. The courts broadly construe what documents can constitute "other paper" under 28 U.S.C. 1446(b)(3). *See Mumfrey*, 719 F.3d at 397-400 (permitting a first amended petition to serve as "other paper" where it claimed $3,575,000.00 in damages); *Chapman*, 969 F.2d at 163 (permitting interrogatory answers to serve as "other paper" where they stated plaintiff's damages exceeded $800,000); *Brief of Appellee Kroger Texas Limited Partnership*, at 14-16, *Bosky*, 288 F.3d 208 (permitting produced medical records and affidavits to serve as "other paper" where they showed that plaintiff's medical bills exceeded $75,000.00); *Maheshwari*, 460 F. Supp. 2d at 812 (permitting interrogatory answers to serve as "other paper" where they showed that the case involved a federal question); and *Wal-Mart Stores Texas, LLC's Notice of Removal Action Under 28 U.S.C. § 1441(B)(Diversity)* at 2, *Means*, No. 7:18-CV-00087, 2018 WL 2173879, at *1-*2

(permitting produced medical and billing records and requests for disclosure to serve as "other paper" where they showed that plaintiff's medical bills and damages exceeded $75,000.00). This matter was not removable when originally filed because Plaintiff was only seeking damages for breach of contract based on an invoice for repairs totaling $18,087.18. **Exhibit A** at ¶¶ 13-15 & **Exhibit D**. In addition, Plaintiff's Original Petition sought the minimum range of damages allowed under Texas Rule of Procedure 47. **Exhibit A** at ¶ 2. Thus, the amount in controversy under Plaintiff's Original Petition did not exceed the jurisdictional threshold of this Court. *Id*.

15. Plaintiff's First Amended Petition, filed on April 21, 2023, was amended to include claims for extra-contractual causes of action under the Texas Deceptive Trade Practices Act and § 541 of the Texas Insurance Code. Pursuant to those causes of action, Plaintiff may now be able receive treble damages, interest, attorney's fees, and potentially punitive damages. The trebling of Plaintiff's alleged contractual damages of $18,087.18 equals $54,261.54. Attorney's fees in this matter could easily exceed $25,000 through the time of trial which would bring the amount in controversy to $79,261.54. This amount does not include penalty interest and any punitive damages that may be awarded. Thus, the preponderance of the evidence shows that the amount in controversy in this matter exceeds the jurisdictional threshold of this Court.

16. Nonetheless, Defendant provided Plaintiff with an opportunity to provide a binding stipulation of damages that would reduce the amount of damages Plaintiff could seek or accept to less than $75,000.00. *See* **Exhibit E**. Plaintiff declined to provide a binding. *Id.* Therefore, Plaintiff's request for recovery of extra-contractual damages in his First Amended Petition combined with his unwillingness to provide a binding stipulation limiting his damages to prevent removal clearly demonstrates that the amount in controversy exceeds $75,000.00. *See* **Exhibit D**.

### C. The other requirements for removal are met.

17. Pursuant to 28 U.S.C. §1446 (b)(3)-(c)(1), this notice of removal is timely filed within (30) days after Defendant received Plaintiff's First Amended Petition and within one year of the filing of Plaintiff's Original Petition. *See* 28 U.S.C. §1446 (b)(3)-(c)(1)(providing that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … a copy of … other paper from which it may first be ascertained that the case is one which is or has become removable" with the additional limitation that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action....).

18. Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Bexar County, Texas, the venue where this suit was initiated. *See generally*, **Exhibit A**.

19. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto. *See* **Exhibits A, B, and D**.

20. Pursuant to 28 U.S.C. §1446(d), Dolgencorp has promptly provided a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Hidalgo County.

### ATTACHMENTS

21. Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with its notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet
- Exhibit A:   Plaintiff's Original Petition;
- Exhibit B:   Service of Process Transmittal;

- Exhibit C: Invoice for Repairs;

- Exhibit D: Plaintiff's First Amended Petition; and

- Exhibit E: Correspondences between parties regarding binding stipulation.

## PRAYER FOR RELIEF

22. Defendant prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797


*/s/ Sara R. Ramon*
**Christopher M. Karl**
State Bar No. 24070035
ckarl@valdeztrevino.com
**Sara R. Ramon**
State Bar No. 24125936
sramon@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19th 2023, a true and correct copy of the foregoing document was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

M. David Alexander
State Bar No. 24096443
424 East Nueva
San Antonio, Texas 78205
(210) 224-5811
david@thebarrerafirm.com
*Plaintiff Pro Se*

                                        */s/ Sara R. Ramon*
                                        **Sara R. Ramon**